**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE TRINIDAD PADILLA NICASIO;
MARTHA ALICIA PADILLA SERVIN,

Petitioners,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-72372

Agency Nos. A095-301-631
A095-301-632

MEMORANDUM *

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 **

Before:      RYMER, McKEOWN, and PAEZ, Circuit Judges.

Jose Trinidad Padilla Nicasio and Martha Alicia Padilla Servin, natives and

citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for cancellation of removal. We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252.  We review for substantial evidence the agency's continuous physical presence determination, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and for abuse of discretion the denial of a motion to continue, *Barapind v. Reno*, 225 F.3d 1100, 1113 (9th Cir. 2000), and we deny the petition for review.

The record does not compel the conclusion that petitioners met their burden to establish continuous physical presence from 1992 to 2002.  *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted).  In light of our disposition, we need not address petitioners' contentions regarding the IJ's adverse credibility determination.

The IJ did not abuse his discretion in denying a continuance where petitioners did not demonstrate good cause.  *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown).  It follows that the IJ did not violate due process by denying petitioners a continuance.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**